UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| WENDI OPPENHEIMER et al. <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF LA HABRA et al., <br><br> Defendants. | No. SA CV 16-00018-JVS (DFMx) <br><br> CERTIFICATION OF FACTS AND ORDER TO SHOW CAUSE WHY CHLOE OPPENHEIMER SHOULD NOT BE HELD IN CONTEMPT |

Nonparty Chloe Oppenheimer ("Oppenheimer") has failed to appear for a deposition and failed to appear in Court to address why she should not be held in contempt for her failure to appear for a deposition. As discussed below, the Court certifies the following facts and orders Oppenheimer to appear before the District Judge to show cause why she should not be adjudged in contempt for failure to comply with a deposition subpoena and associated order. **Oppenheimer is warned that her failure to comply with this Order may result in contempt sanctions including deposition fees, attorney's fees, and/or her arrest by the United States Marshals Service.**

///

///

**STATEMENT OF CERTIFIED FACTS**

Plaintiffs filed this lawsuit on January 6, 2016, alleging civil-rights and wrongful-death claims stemming from the January 2, 2015 suicide of Daniel Oppenheimer ("Decedent"), Plaintiffs' family member, in the La Habra City Jail. See Dkt. 1; see also Dkts. 8, 26 (amended complaints). Nonparty Oppenheimer is Decedent's biological daughter, Plaintiff Vannes Oppenheimer's sister, and Plaintiff Wendi Oppenheimer's stepdaughter. Dkt. 60 ("Lenkov Decl.") ¶ 6. Defendants seek to depose Oppenheimer "regarding Plaintiffs' alleged damages and her knowledge as a percipient witness to the relationships between [D]ecedent and Plaintiffs Vannes Oppenheimer and Wendi Oppenheimer." Id.

On November 2, 2016, investigator Nichole L. Tahmasian personally served on Oppenheimer a subpoena and notice of deposition, compelling her to appear for a deposition at 10:30 a.m. on November 14, 2016, at defense counsel's office in San Diego. Lenkov Decl. ¶ 3 & Exs. A (subpoena and proof of service) & B (notice of deposition); Dkt. 153-1, Ex. B (Tahmasian Decl.) ¶ 3. Enclosed with the deposition notice was a check for witness fees of $83.20. Lenkov Decl., Ex. A. Oppenheimer cashed the check later that same day. Dkt. 110-1, Ex. B (copy of endorsed, cashed check). On November 14, 2016, Oppenheimer failed to appear for the deposition. Lenkov Decl. ¶ 5 & Ex. C (reporter's statement of nonappearance).

On December 6, 2016, Defendants filed a Motion to Compel Compliance with Subpoena of Unrepresented Non-Party Chloe Oppenheimer and Request for Order to Show Cause Why Ms. Oppenheimer Should Not Be Held in Contempt. Dkt. 59 ("Motion"). Defendants did not identify what specific sanctions they sought, nor did they submit an affidavit of attorney's fees and costs incurred as a result of Oppenheimer's failure to appear. See id. On December 20, 2016, Plaintiffs opposed the Motion, arguing that it was

2

untimely, among other things. Dkt. 65. On December 23, 2016, Defendants filed a reply. Dkt. 75.

On January 9, 2017, the Court denied Defendants' Motion to the extent it sought an order compelling Oppenheimer to appear for a deposition, finding that such an order was not an available remedy against a nonparty. Dkt. 99 at 2. The Court granted Defendants' Motion to the extent it sought an order to show cause. Id. In a separate Notice of Hearing and Order to Show Cause Re: Contempt, the Court ordered Oppenheimer to appear at 10 a.m. on January 24, 2017, to show cause why she should not be adjudged in civil contempt for failing to comply with the deposition subpoena. Dkt. 100. The Court set a deadline for Oppenheimer to file an opposition to Defendants' Motion and it directed defense counsel to personally serve her with a copy of the notice and order and associated pleadings within 3 business days. Id.

On January 10, 2017, investigator Cheryl L. Yocum went to Oppenheimer's home to serve her with the January 9 notice and order and associated documents. See Dkt. 109-1, Ex. B ("Yocum Decl."). Yocum "visually identified . . . Oppenheimer as she exited from her car" but Oppenheimer "refused to accept the documents" and "threatened to contact the police as she walked through the gate to her unit." Id. ¶ 5. Yocum "plac[ed] the documents inside the gate to [Oppenheimer's] unit" and "informed [Oppenheimer] that [Yocum] was placing the documents at the gate and that she had been served." Id.

On January 19, 2017, Plaintiffs filed an Objection to the Hearing and Order to Show Cause Re: Contempt, arguing that defense counsel had not properly served Oppenheimer with the January 9 notice and order. Dkt. 109. Defendants filed a response that same day. Dkt. 110.

Oppenheimer failed to appear at the hearing on January 24, 2017. Dkt. 114. That same day, the Court continued the hearing to February 14, 2017. Id.

3

1  The Court also issued an Amended Notice of Hearing and Order to Show
2  Cause, ordering Oppenheimer to appear before the Court at 10 a.m. on
3  February 14, 2017, "to show cause why she should not be adjudged in civil
4  contempt of court for failing to comply fully with a deposition subpoena served
5  upon her in this matter." Dkt. 115. The Court set a date by which
6  Oppenheimer could file an opposition to Defendants' Motion, and it ordered
7  Defendants to personally serve the amended notice and order and associated
8  pleadings on Oppenheimer within 7 days. Id.

9      On January 26, 2017, investigators Jeffrey Gailey and Michael Foster
10  went to Oppenheimer's home to serve her with the January 24 notice and
11  order and associated documents. Dkt. 153-1, Ex. B ("Gailey Decl.") ¶ 3,
12  ("Foster Decl.") ¶ 4. When Gailey saw Oppenheimer walking to her car, he
13  approached her and "explained that [he] had additional court documents to
14  serve on her" and that "she had been ordered to appear in court on February
15  14, 2017 and that this was a serious matter that needed her attention." Gailey
16  Decl. ¶ 3; see also Foster Decl. ¶ 4. When Oppenheimer got into her car
17  without responding, Gailey placed the documents on her windshield and
18  walked away. Gailey Decl. ¶ 3; see also Foster Decl. ¶ 4. Oppenheimer then
19  got out of her car, took the documents from the windshield, ran after Gailey,
20  and threw the documents at him. Gailey Decl. ¶ 3; see also Foster Decl. ¶ 4.
21  Oppenheimer returned to her car and drove away. Gailey Decl. ¶ 3; see also
22  Foster Decl. ¶ 4. Foster captured these events on videotape, which the Court
23  has reviewed and found to reflect the events as described. See Gailey Decl. ¶ 3;
24  see also Foster Decl. ¶ 4; Dkt. 153-2.

25      After Oppenheimer drove away, Gailey placed the served documents in
26  her yard. Gailey Decl. ¶ 4; see also Foster Decl. ¶ 5. The next day, he sent an
27  additional copy of the documents to Oppenheimer by first-class mail. Gailey
28  Decl. ¶ 5.

Oppenheimer failed to appear for the February 14, 2017 hearing. See Dkt. 149.

## DISCUSION

Under Federal Rule of Civil Procedure 45(g), a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." This is the only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena. Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 (9th Cir.1983) (as amended) (discussing previous version of Rule 45). When a party seeks contempt sanctions against a nonparty, the nonparty has a right to notice and an opportunity to be heard. S.E.C. v. Hyatt, 621 F.3d 687, 696-97 (7th Cir. 2010).

When an act "constitut[ing] a civil contempt" occurs in a discovery-related proceeding,

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6); see also Assignment of Duties to Magistrate Judges, C.D. Cal. Gen. Order 05-07 (2005). In certifying the facts under § 636(e), the magistrate judge's role is to determine whether the moving party can assert sufficient evidence to establish a prima facie case of contempt. See Proctor v.

State Gov't of N.C., 830 F.2d 514, 521 (4th Cir. 1987).

In the Ninth Circuit, a party alleging that another person should be held in civil contempt must establish by clear and convincing evidence that the alleged contemnor "violated the court order," "beyond substantial compliance," "not based on a good faith and reasonable interpretation of the order." Labor/Cmty. Strategy Ctr. v. L.A. Cty. Metro. Transp. Auth., 564 F.3d 1115, 1123 (9th Cir. 2009) (quoting In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993)). Once that prima facie showing is made, the burden shifts to the alleged contemnor to "produce evidence explaining [her] noncompliance." United States v. Ayres, 166 F.3d 991, 994 (9th Cir. 1999) (citing Chairs v. Burgess, 143 F.3d 1432, 1436 (11th Cir. 1998)). In making a contempt determination, a court may consider "the witness'[s] history of non-compliance and the extent to which the witness failed to comply during the pendency of the motion for contempt." Martinez v. City of Avondale, No. 12-1837, 2013 WL 5705291, at *4 (D. Ariz. Oct. 18, 2013).

A nonparty's noncompliance with a subpoena may warrant contempt sanctions. Pennwalt Corp., 708 F.2d at 494 n.5; LHF Prods., Inc. v. Doe, No. 16-00716, 2016 WL 6208269, at *2 (D. Or., Oct. 21, 2016). Such sanctions may include the cost of the failed deposition and show-cause motion. LHF Prods., Inc., 2016 WL 6208269, at *2-3. Upon a finding of a willful failure to comply with a court order, a contemnor may be jailed until compliance with the district court's order. S.E.C. v. Elmas Trading Corp., 824 F.2d 732 (9th Cir. 1987) ("When the petitioners carry the 'keys of their prison in their own pockets,' the action is 'essentially a civil remedy.'") (quoting Shillitani v. United States, 384 U.S. 364, 368 (1965)); Martinez, 2013 WL 5705291, at *4. A civil contempt order must be accompanied by a "purge" condition, meaning that it must give the contemnor an opportunity to comply with the order before

6

payment of the fine or other sanction becomes due. Koninklijke Philips Elec. N.V. v. KXD Tech., Inc., 539 F.3d 1039, 1042-43 (9th Cir. 2008); Martinez v. City of Pittsburg, No. 11-01017, 2012 WL 699462 at *3 (N.D. Cal. Mar. 1, 2012); see also Shell Offshore v. Greenpeace, Inc., 815 F.3d 623, 629 (9th Cir. 2016) ("the ability to purge is perhaps the most definitive characteristic of coercive civil contempt").

Here, Defendants have shown by clear and convincing evidence that Oppenheimer failed to comply with both the original deposition subpoena and the Court's later order to appear and show cause. First, Oppenheimer was personally served with the deposition notice and subpoena and cashed the check for witness fees, but she nevertheless failed to appear for the deposition or otherwise respond to the notice and subpoena. Second, Oppenheimer was personally served with the Court's January 24, 2017 amended notice of hearing and order to show cause, but she failed to appear for the February 14 hearing. Plaintiff has also displayed a history of attempting to avoid service of pleadings and Court orders. For all of these reasons, the undersigned certifies the facts stated above.

## ORDER

IT IS THEREFORE ORDERED that Chloe Oppenheimer appear before the Honorable James V. Selna in Courtroom 10B, Tenth Floor, United States District Court, 411 West 4th Street, Santa Ana, California, 92701-4516, on February 27, 2017, at 10 a.m., to show cause why she should not be adjudged in contempt by reason of the facts certified herein. Should Oppenheimer arrange with Defendants' counsel (Andrew Michael Mallett, Manning and Kass Ellrod Ramirez Trester LLP, 801 South Figueroa Street, 15th Floor, Los Angeles, CA 90017, Tel: 213-624-6900, email: azm@manningllp.com) before February 27, 2017, to arrange to have her deposition taken, the parties shall notify the court immediately and the

February 27, 2017 hearing will be vacated and Oppenheimer will not need to appear.

**Oppenheimer is again warned that her failure to comply with this Order may result in contempt sanctions including deposition fees, attorney's fees, and/or her arrest by the United States Marshals Service.**

The United States Marshals Service is directed to personally serve a signed copy of this Order on Chloe Oppenheimer as soon as practicable at 421 North Horne Street, Oceanside, California 92054, or at any other address where she may be located. The United States Marshals Service shall promptly file a return of service upon service of this Order.

Dated:  February 17, 2017

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge